UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allstate Fire and Casualty Insurance Company,<br><br>            Plaintiff,<br><br>    vs.<br><br>Heather Diamond; *et al*.<br><br>            Defendants. | Case No.: 2:14-cv-1044-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 17), filed by Defendant Heather Diamond.  Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") filed a Response, (ECF No. 19).

**I.     BACKGROUND**

In this case, Allstate seeks a declaratory judgment limiting its liability to Defendants Heather Diamond, Suzette Behr, and Kody Fitzgerald based on its failure to settle legal claims for injuries that were allegedly incurred in a December 28, 2009, automobile accident. (Compl., ECF No. 1).  On that date, Defendant Diamond allegedly sustained severe injuries while riding in a truck driven by Defendant Fitzgerald and insured by Allstate. (*Id.* at 2:19-3:2).  The policy on the truck had bodily-injury coverage limits of $15,000 per person and $30,000 per accident. (*Id.* at 3:9-10).

Allstate alleges that it initiated an investigation into the accident on December 31, 2009. (*Id.* at 3:15-17).  On February 19, 2010, Allstate alleges that it authorized a payment of the $15,000 policy limit to Defendant Diamond. (*Id.* at 3:18-20).  The Complaint states that Allstate unsuccessfully attempted to contact Defendant Diamond four times over the next eleven days in order to extend its policy-limit offer. (*Id.* at 3:22-4:5).  On March 25, 2010,

1   Allstate claims that it was contacted by Defendant Diamond's legal counsel, to whom Allstate
2   subsequently presented the policy-limit offer. (*Id.* at 4:8-17).  According to the Complaint,
3   Defendant Diamond never explicitly rejected the policy-limit offer. (*Id.* at 4:27-28).
4       On December 23, 2010, Defendant filed suit in Clark County District Court against
5   Defendants Behr and Fitzgerald, alleging four causes of action relating to the December 28,
6   2009, accident. (*Id.* at 5:1-7).  This case resulted in a verdict in favor of Defendant Diamond in
7   the amount of $350,000 on January 16, 2014. (*Id.* at 5:13-14).  Allstate claims that it continued
8   to extend its policy-limit offer to Defendant Diamond throughout the pendency of that
9   litigation. (*Id.* at 5:11-12).
10      Allstate filed the instant action on June 27, 2014, seeking a declaration that fulfilled its
11  obligations under the insurance policy and therefore that its financial obligation to Defendants
12  is limited to $15,000. (*Id.* at 6:1-2).  On October 10, 2014, Defendant Diamond filed an action
13  in Clark County District Court, (No. A-14-708399-C), setting forth claims based on Allstate's
14  alleged refusal to fulfill its obligations under the insurance policy. (*See* Mot. to Dism. 4:1-2,
15  ECF No. 17).  On November 24, 2014, Defendants Behr and Fitzgerald filed cross-claims in
16  that case, seeking to hold Allstate liable for failing to settle Defendant Diamond's underlying
17  tort claims within the policy limits. (ECF No. 20-1).  In the instant Motion, Defendant Diamond
18  requests that the Court decline to exercise jurisdiction over this action pursuant to its authority
19  under the Declaratory Judgment Act. (Mot. to Dism.).

20  **II.    LEGAL STANDARD**

21      Under the Declaratory Judgment Act, a district court has the "unique and substantial
22  discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co.*, 515
23  U.S. 277, 286 (1995).  The Declaratory Judgment Act states that "courts *may* declare the rights
24  and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a)
25  (emphasis added).  Therefore, a district court is under no compulsion to exercise its jurisdiction.

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) ("This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.") (internal quotations omitted).

When making a determination concerning whether to exercise jurisdiction, the district court's discretion is governed by the three factors set forth in *Brillhart*: (1) avoidance of needless determination of state law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225. At the core of these prudential considerations is an assessment of "how judicial economy, comity, and federalism are affected in a given case." *Id.* at 1226.

The Ninth Circuit has held that "federal courts should decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Emp'rs. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) (internal quotations omitted) *overruled in part on other grounds by Dizol*, 133 F.3d 1220; *see also Golden Eagle*, 103 F.3d at 754 ("[N]othing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action.").

### III.   DISCUSSION

Defendant Diamond argues that each of the *Brillhart* factors favors dismissal in this case. After analyzing each of these factors individually, the Court agrees that dismissal is warranted.

The third *Brillhart* factor clearly weighs in favor of dismissal. Defendants have each filed claims in the case currently pending in Clark County District Court which seek to hold Allstate liable in excess of the policy limits for failing to properly settle with Defendant

Diamond, thereby raising precisely the same questions of law and fact at issue in the present case.[1] Accordingly, the Court finds that the instant case is duplicative of Clark County District Court case A-14-708399-C, and that dismissal would prevent the Court and the parties from expending resources on redundant litigation.

Similarly, the first *Brillhart* factor favors dismissal. In this case, Allstate seeks a declaration stating that it adhered Nevada law when carrying out its obligations under the insurance policy. Thus, the issues raised in the Complaint are solely matters of state law. Because these same issues are currently pending in Clark County District Court, adjudication of these questions in this case would create an unnecessary risk of disagreement between federal and state courts. Therefore, dismissal would avoid a needless determination of questions that solely involve state law.

The second *Brillhart* factor is neutral in this case. Though it appears that Allstate could have filed this case in Nevada state court pursuant to Nev. Rev. Stat. 30.030, there is nothing in the record to indicate that it chose to file in this Court as a means of forum shopping. Therefore, this factor weighs neither for nor against dismissal.

Accordingly, because the first and third *Brillhart* factors each weigh in favor of dismissal and the second is neutral, the Court finds that dismissal is warranted. Therefore, the Court will exercise its discretion to decline jurisdiction over this case. *See* 28 U.S.C. § 2201(a); *Brillhart*, 316 U.S. at 494.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint, (ECF No. 1), is **DISMISSED**

///

---

[1] Allstate does not dispute that the issues raised in the case pending in Clark County District Court are the same as those involved in the instant action. (Pl.'s Resp. 7:1-4, ECF No. 19).

1    **without prejudice**.  The Clerk shall enter judgment accordingly and close the case.

2        **DATED** this 21st day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court