**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>vs.<br><br>HEATHER DIAMOND,<br><br>           Defendants. | Case No. 2:14–cv–1044–GMN–VCF<br><br>**ORDER** |

This matter involves Allstate's declaratory-relief action against Heather Diamond. Before the court is Diamond's Motion for Attorney's Fees (#28[1]). Allstate opposed (#29) and Diamond replied (#30). For the reasons stated below, Diamond's motion is denied.

## LEGAL STANDARD

Our legal system generally requires each party to bear its own litigation expenses, including attorney's fees. This principle is so firmly entrenched that it is known as the "American Rule." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Congress has authorized courts to deviate from this rule only in limited circumstances. In the context of this action, one statute permits the court to award attorney's fees to the prevailing party: 28 U.S.C. § 1927.

28 U.S.C. § 1927 applies to legal counsel, not the parties, and authorizes the court to award costs, expenses, and attorney's fees against "[a]ny attorney . . . who so multiplies the proceedings in any case[,] unreasonably and vexatiously." 28 U.S.C. § 1927. To award fees under section 1927, the court must find

---

[1] Parenthetical citations refer to the court's docket.

1

that an attorney acted "recklessly or in bad faith." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

The Ninth Circuit has made clear that "recklessness suffices for [section] 1927." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Indeed, "a finding that an attorneys recklessly raised a *frivolous* argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (emphasis original) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) ("[R]ecklessness plus knowledge was sufficient to justify the imposition of § 1927 sanctions.") When an attorney recklessly continues to prosecute a case, even after it becomes apparent through discovery that there was insufficient evidence to support the plaintiff's claims, sanctions under section 1927 are warranted. *Girardi*, 611 F.3d at 1064 (citing *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 247 (affirming section 1927 sanctions for the "willful continuation of a suit known to be meritless").

**DISCUSSION**

Diamond's Motion for Attorney's Fees is denied. First, in addition to section 1927, Diamond moves for attorney's fees under Nevada Revised Statute section 18.010. (*See* Def.'s Mot. (#28) at 2–3). Allstate's alleged misconduct is procedural in nature and, therefore, governed by federal law. *See Hanna v. Plumer*, 380 U.S. 460 (1965); *see also Galam v. Carmel (In re Larry's Apt., L.L.C.)*, 249 F.3d 832, 838 (9th Cir. 2001) ("federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard"); *Oliva v. Nat'l City Mortg. Co.*, 490 Fed. Appx. 904, 906 (9th Cir. 2012) (citing *Galam* and affirming Judge Pro's decision to not award attorney's fees under Nevada Revised Statute section 18.010).

Second, Diamond's basis for requesting fees under section 1927 is inadequate. She contends that Allstate's claims were frivolous and unreasonably and vexatiously multiplied proceedings because

insurance companies in general do what Allstate did here: litigated a declaratory-relief action over which the district court declined to exercise jurisdiction. This argument fails as a matter of law. Section 1927 applies to legal counsel, not insurance companies in general. There is no evidence that legal counsel in this action is acting on directions to follow the "the modus operandi" of the industry in general, other than Diamond's own assertions.

Nor is the court persuaded that Allstate's claims vexatiously multiplied proceedings. The Honorable Gloria M. Navarro, Chief U.S. District Judge, dismissed Allstate's complaint "without prejudice" by exercising her discretion under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Chief Judge Navarro determined that the action should proceed in state court in order to avoid potentially inconsistent rulings on a matter of state law. (*See* Doc. #25). Her ruling is a product of comity between the state and federal government and not a judgment on the merits of Allstate's complaint.

An award of attorney's fees is also inappropriate because the state court action was not filed until after Allstate commenced this action. This removes the predicate from Diamond's motion. The court cannot conclude, as Diamond alleges, that Allstate intentionally, recklessly, and willfully prosecuted a claim that it knew would be dismissed on comity grounds because there was no state court action when Allstate filed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Diamond's Motion for Attorney's Fees (#28) is DENIED.

IT IS SO ORDERED.

DATED this 26th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE